```
 1  BILAL A. ESSAYLI
    United States Attorney
 2  DAVID T. RYAN
    Assistant United States Attorney
 3  Chief, National Security Division
    AMANDA B. ELBOGEN (Cal. Bar No. 332505)
 4  Assistant United States Attorney
    Terrorism and Export Crimes Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-4491/5748
 7       E-mail:    David.Ryan@usdoj.gov
                    Amanda.Elbogen@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
APR 3 2025
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE HENRY AYALA CASIMIRO,<br>　aka "Henry Ayala,"<br>　aka "ayalahenry818"<br>　aka "Cocohennn,"<br>　aka "CocohennnnXdddd,"<br><br>　　　　Defendant. | 2:25-MJ-1947-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
|---|---|

　　　Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐　1.　Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

　　☐　a.　present offense committed while defendant was on release pending (felony trial),

|     |     |     |     |
|-----|-----|-----|-----|
| 1   | ☐   | b.  | defendant is an alien not lawfully admitted for permanent residence; and |
| 3   | ☐   | c.  | defendant may flee; or |
| 4   | ☐   | d.  | pose a danger to another or the community. |
| 5   | ☒   | 2.  | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| 8   | ☒   | a.  | the appearance of the defendant as required; |
| 9   | ☒   | b.  | safety of any other person and the community. |
| 10  | ☐   | 3.  | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| 13  | ☐   | a.  | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 16  | ☐   | b.  | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 18  | ☐   | 4.  | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| 20  | ☐   | a.  | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 24  | ☐   | b.  | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |

|    |   |    |                                                                 |
|----|---|----|-----------------------------------------------------------------|
| 1  | ☐ | c. | offense involving a minor victim under 18 U.S.C.                |
| 2  |   |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,              |
| 3  |   |    | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),              |
| 4  |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger           |
| 5  |   |    | to community and flight risk);                                  |
| 6  | ☐ | d. | defendant currently charged with an offense described           |
| 7  |   |    | in paragraph 5a – 5e below, AND defendant was                   |
| 8  |   |    | previously convicted of an offense described in                 |
| 9  |   |    | paragraph 5a – 5e below (whether Federal or                     |
| 10 |   |    | State/local), AND that previous offense was committed           |
| 11 |   |    | while defendant was on release pending trial, AND the           |
| 12 |   |    | current offense was committed within five years of              |
| 13 |   |    | conviction or release from prison on the above-                 |
| 14 |   |    | described previous conviction (presumption of danger to         |
| 15 |   |    | community).                                                     |
| 16 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f)     |
| 17 |   |    | If the Case Involves:                                           |
| 18 | ☐ | a. | a crime of violence (as defined in 18 U.S.C.                    |
| 19 |   |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or              |
| 20 |   |    | Federal crime of terrorism (as defined in 18 U.S.C.             |
| 21 |   |    | § 2332b(g)(5)(B)) for which maximum sentence is 10              |
| 22 |   |    | years' imprisonment or more;                                    |
| 23 | ☐ | b. | an offense for which maximum sentence is life                   |
| 24 |   |    | imprisonment or death;                                          |
| 25 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is         |
| 26 |   |    | 10 years' imprisonment or more;                                 |

|   |   |   |   |
|---|---|---|---|
| 1 | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 6 | ☒ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 11 | ☒ | f. | serious risk defendant will flee; |
| 12 | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 15 | ☐ | 6. | Government requests continuance of ____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

Dated: April 3, 2025                Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

*/s/ Amanda Elbogen*

AMANDA B. ELBOGEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA