BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
AMANDA ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491/5748
     Facsimile: (213) 894-2979
     E-mail:    david.ryan@usdoj.gov
                amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE HENRY AYALA CASIMIRO,<br>　aka "Henry Ayala,"<br>　aka "ayalahenry818,"<br>　aka "Cocohennn," and<br>　aka "CocohennnnXdddd,"<br><br>　　　　Defendant. | No. CR 25-283-MCS<br><br>STIPULATION FOR PROTECTIVE ORDER REGARDING PRIVACY OF CHILD VICTIM INFORMATION AND PERSONALLY IDENTIFYING INFORMATION |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan and Amanda Elbogen, and defendant JOSE HENRY AYALA CASIMIRO ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Shannon M. Coit, (collectively the "parties"), for the reasons set forth below, hereby stipulate to, and respectfully

request that the Court enter, the following protective order ("Protective Order") in this case:

1.    Defendant is charged in this matter with violations of 18 U.S.C. §§ 2251(a), (e) (Production of Child Pornography); 18 U.S.C. § 2422(b) (Enticement of a Minor to Engage in Criminal Sexual Activity); and 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1) (Possession of Child Pornography). Defendant is detained pending trial.

2.    As part of its investigation in the above-captioned case, law enforcement personnel have collected: (1) information relating to child victims and/or witnesses, and (2) personally identifying information, which the government seeks to provide defense counsel pursuant to Rule 16 of the Federal Rules of Criminal Procedure (although some of the material may exceed the scope of the government's discovery obligations).

3.    The parties recognize that all materials that the government produces to the defense are solely for the use of defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing child victim information and/or personally identifying information.

4.    Title 18, United States Code, Section 3509(d) states:

(d) Privacy protection.--

(1) Confidentiality of information.—

    (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

      (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

      (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B) Subparagraph (A) applies to--

      (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

      (ii) employees of the court;

      (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

      (iv) members of the jury.

(2) Filing under seal--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of

|   |   |
|---|---|
| 1 | obtaining a court order. The person who makes the filing |
| 2 | shall submit to the clerk of the court-- |
| 3 | (A) the complete paper to be kept under seal; and |
| 4 | (B) the paper with the portions of it that disclose |
| 5 | the name of or other information concerning a child |
| 6 | redacted, to be placed in the public record. |
| 7 | (3) Protective Orders— |
| 8 | (A) On motion by any person the court may issue an |
| 9 | order protecting a child from public disclosure of the name |
| 10 | of or any other information concerning the child in the |
| 11 | course of the proceedings, if the court determines that |
| 12 | there is a significant possibility that such disclosure |
| 13 | would be detrimental to the child. |
| 14 | (B) A protective order issued under subparagraph (A) |
| 15 | may-- |
| 16 | (i) provide that the testimony of a child |
| 17 | witness, and the testimony of any other witness, when the |
| 18 | attorney who calls the witness has reason to anticipate |
| 19 | that the name of or any other information concerning a |
| 20 | child may be divulged in the testimony, be taken in a |
| 21 | closed courtroom; and |
| 22 | (ii) provide for any other measures that may be |
| 23 | necessary to protect the privacy of the child. |
| 24 | (4) Disclosure of Information--This subsection does not |
| 25 | prohibit disclosure of the name of or other information |
| 26 | concerning a child to the defendant, the attorney for the |
| 27 | defendant, a multidisciplinary child abuse team, a guardian |
| 28 |   |

          ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

5. "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

6. The Court may issue a protective order pursuant to Fed. R. Crim. P. 16(d), which states in pertinent part, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

7. Wherefore, to permit the government to provide discovery material to defense counsel while avoiding the unauthorized dissemination of child victim information or personally identifying information (collectively, the "PROTECTED MATERIALS"), the discovery that is produced will be subject to a Protective Order designed to protect the PROTECTED MATERIALS from inadvertent or unauthorized disclosure. The Protective Order will include any discovery relating to the PROTECTED MATERIALS, that is, written documentation, electronic data, photographs and audio and/or video recordings provided to the Defense Team, as defined below, including any information contained therein and any copies of said discovery, which include, but are not limited to, paper or electronic copies before or after the execution of the Protective Order.

8. For purposes of this stipulation, the term "Defense Team" refers to the above-named counsel of record and any co-counsel specifically assigned to work on this case. Additionally, the term "Defense Team" includes any defense paralegals, investigators, employees, experts, or translators hired by the counsel of record for any defendant to assist counsel with this case. "Defense Team" does not include defendant, or defendant's family members or any other associates of defendant.

9. The Defense Team shall not permit anyone other than the Defense Team to have possession of PROTECTED MATERIALS, including defendant, while outside the presence of the Defense Team.

10. Notwithstanding the paragraph above, defendant may see and review the PROTECTED MATERIALS only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PROTECTED MATERIALS. At the conclusion of any meeting with defendant at which defendant is permitted to view PROTECTED MATERIALS, defendant must return any PROTECTED MATERIALS to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PROTECTED MATERIALS out of the room in which defendant is meeting with the Defense Team. At no time, under no circumstance, will any PROTECTED MATERIALS be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

11. Defendant may see and review PROTECTED MATERIALS as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any PROTECTED MATERIALS in this case

at any time.  Defendant also may not write down or memorialize any data or information contained in the PROTECTED MATERIALS.

12.  The Defense Team shall maintain all the PROTECTED MATERIALS received from the government in a manner consistent with the terms of this Protective Order and 18 U.S.C. § 3509(d).  All information produced to the defense that the government designates as PROTECTED MATERIALS shall be stored in a secure manner in the defense team's offices, homes, vehicles, or personal presence.  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

13.  The Defense Team may review PROTECTED MATERIALS with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present if PROTECTED MATERIALS are being shown to a witness or potential witness.  Before being shown any portion of PROTECTED MATERIALS, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain PROTECTED INFORMATION or any notes generated from PROTECTED INFORMATION.

14.  Nothing in this order should be construed as imposing any discovery obligations on the government or defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

15.  Any PROTECTED MATERIALS or item that references the content of the PROTECTED MATERIALS that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed

until otherwise ordered by this Court, pursuant to Rule 16(d) and 18 U.S.C. § 3509(d).

16. The Defense Team shall use PROTECTED MATERIALS only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255. Upon the final disposition of this case, any of the PROTECTED MATERIALS shall not be used, in any way, in any other matter, absent a court order. All of the PROTECTED MATERIALS maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by court order. Upon the conclusion of appellate and post-conviction proceedings, and upon the consent of defendant, the Defense Team shall return the PROTECTED MATERIALS or certify that the PROTECTED MATERIALS have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

17. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any PROTECTED MATERIALS to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for

returning to the government, or certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PROTECTED MATERIALS.

18. An unauthorized use, disclosure, or dissemination of the PROTECTED MATERIALS may constitute a violation of law and/or contempt of court. Further, title 18, United States Code, Section 403 states, "A knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.

19. Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

//
//
//

20. Defendant's counsel represents that she has discussed this stipulation and proposed Protective Order with her client who agrees to be bound by this stipulation and the proposed Protective Order, if executed by the Court.

IT IS SO STIPULATED.

Dated: April 30, 2025

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

    /s/ David T. Ryan
_____
DAVID T. RYAN
AMANDA ELBOGEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated:    May 4, 2025

    /s/ Shannon Coit
_____
SHANNON M. COIT
Deputy Federal Public Defender

Attorney for Defendant
JOSE HENRY AYALA CASIMIRO